UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

YARICEL GONZALEZ-GONGORA,

Petitioner,

v.

KIMBERLY BALL et al.,

Respondents.

Case No. 1:26-cv-3197

Honorable Jane M. Beckering

**OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## I. Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of her current detention following an order issued by the Detroit Immigration Court denying her bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus ordering Respondents to release Petitioner or provide Petitioner with a bond hearing where the government bears the burden of proof by clear and convincing evidence that Petitioner is a flight risk or danger to the community. (Pet., ECF No. 1, PageID.11.)

In an order entered on November 9, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner

should not be granted. (Order, ECF No. 4.) Respondents filed their response and a recording of the October 7, 2026, bond hearing on November 13, 2026. (Resp., ECF No. 5; Recording of Oct. 7, 2026, Bond Hearing, filed on Nov. 13, 2026.) On November 19, 2026, Petitioner filed an unopposed motion for leave to file a reply one day out of time, together with her reply.[1] (Mot., ECF No. 6.)

## II. Relevant Factual Background

Petitioner is a citizen of Cuba who entered the United States in 2022. (Pet., ECF No. 1, PageID.2.) On August 13, 2026, Petitioner was arrested by ICE in Clark County, Indiana. (*Id.*, PageID.3.)

On October 7, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (*Id.*) At the conclusion of the October 7, 2026, hearing, in a written order, the Immigration Judge denied Petitioner's request for bond, stating: "Danger to the community." (Immigration Judge Order, ECF No. 1-2, PageID.17.)

## III. Discussion

In Petitioner's § 2241 petition, Petitioner argues that the Immigration Judge did not apply the constitutionally required burden of proof at Petitioner's § 1226(a) bond hearing on October 7, 2026. Specifically, Petitioner argues that the Immigration Judge failed to require the government to demonstrate dangerousness or flight risk by clear and convincing evidence. *See Soto-Medina v. Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026) (addressing the constitutionally required burden of proof).

Based on the record before the Court at this time, including the recording of the § 1226(a) bond hearing, there is no indication in the record that the Immigration Judge applied an

[1] Petitioner's motion is granted and the Court accepts the reply as timely filed.

unconstitutional burden of proof at the bond hearing. Under these circumstances, the Court will deny Petitioner's § 2241 petition without prejudice.

## Conclusion

For the reasons discussed above, the Court will enter a judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: November 24, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge